**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**FRANK THON,**

                  **Plaintiff,**              **9:13-cv-898
                                                                         (GLS/DEP)**

              **v.**

**C. GRIMSHAW et al.,**

              **Defendants.**
_____

## SUMMARY ORDER

Pending are plaintiff *pro se* Frank Thon's objections to a Report and Recommendation (R&R) issued by Magistrate Judge David E. Peebles, which recommends that defendants' motion for partial summary judgment be granted in part and denied in part. (Dkt. Nos. 110, 127, 130.) For the reasons that follow, the R&R is adopted in its entirety.

Without much more, Thon contends first that Judge Peebles "fail[ed] to state that on April 23, 2012 . . . that [d]efendant[s Vonda] Johnson [and Carl Koenigsmann were] named in a Clinton Correctional Facility Inmate Grievance which, very clearly stated that [Thon] was experiencing 'shortness of breath', 'tightness in chest' as well as 'chest pains.'" (Dkt. No. 130 at 2-3.) Next, Thon takes issue with the R&R's failure "to state

that [w]antonness does not have a fixed meaning (as suggested by [the] R&R . . .)." (*Id.* at 4-5.)

Without directly explaining why, Thon also objects to certain factual conclusions about defendant Thomas LaValley. (*Id.* at 6-9.) Thon appears to argue that LaValley failed to undertake an adequate investigation of his grievances and had a greater responsibility for remedying Thon's health concerns because LaValley was the superintendent of the facility in which Thon was incarcerated. (*Id.*)[1] Finally, Thon faults the R&R's conclusion that Koenigsmann was not personally involved, (Dkt. No. 127 at 28); it seems that Thon is of the opinion that Koenigsmann's status as a supervisor compels a different determination as to personal involvement, (Dkt. No. 130 at 10).

While some of Thon's objections are specific and trigger *de novo* review, *see Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006), a portion of them are irrelevant to the ultimate recommendation and the balance are not compelling. The

---

[1] Thon generically asserts that qualified immunity shields none of the defendants remaining in this action. (Dkt. No. 130 at 9.) Because the R&R did not recommend dismissal on the basis of qualified immunity, (Dkt. No. 127 at 32-35), no consideration of this "objection" has been made.

2

court adopts the reasoning and logic of the R&R entirely and sees no reason to restate its factual recitation or legal conclusions. After careful review and consideration, the R&R is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Davie E. Peebles Report and Recommendation (Dkt. No. 127) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for partial summary judgment (Dkt. No. 110) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** as to Thon's deliberate indifference claims against Johnson, Koenigsmann, and LaValley; and
>
> **DENIED** in all other respects; and it is further

**ORDERED** that this matter is now trial ready and a trial order will issue is due course; and it is further

**ORDERED** that the only claims remaining for trial are an: (1) Eighth Amendment excessive force claim against defendants C. Grimshaw, Tod Poupore, Betsy Whelden, Joseph Rock, Dan Phillips, and Jason Lucia; and (2) Eighth Amendment deliberate indifference to serious medical need claim against Grimshaw, Poupoure, Rock, and defendant Kang Lee; and it

is further

      **ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 13, 2016  
Albany, New York

/s/ Gary L. Sharpe  
Gary L. Sharpe  
U.S. District Judge