UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FRANK THON, | STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A) |
| *Plaintiff*, | |
| -against- | |
| C. GRIMSHAW, *et al*, | 13-CV-0898 |
| *Defendants*. | MAD/DEP |

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff, Frank Thon, and defendants Charles Grimshaw, Todd Poupore, Betsy Whelden, Jason Lucia, Joseph Rock, Kang Lee, and Daniel Phillips, parties to the above entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff discontinues this action with prejudice and without damages, costs, interest or attorney's fees, and discharges and releases Defendants Charles Grimshaw, Todd Poupore, Betsy Whelden, Jason Lucia, Joseph Rock, Kang Lee, and Daniel Phillips and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims,

demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in paragraph 5 of this settlement.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and its being ordered by the Court, defendants shall pay to plaintiff the sum of nine thousand nine hundred and ninety-nine dollars ($9,999.00), by check, in full settlement of any and all claims. This amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check will be mailed to Fishkill Correctional Facility for deposit into plaintiff's inmate

account, or, in the event that plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed.

6. Payment by of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon plaintiff's timely signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork..

7. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty ( 120) days after the approval of this Stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the periods set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after Court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

9. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the trial calendar without prejudice.

10. Payment of the amount referenced in paragraph 6 will be made within one hundred and fifty (150) days after the approval of this stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation.

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that Medicare has made no conditional payments, and that he does not expect to be a Medicare recipient within the next 30 months.

12. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
September 1, 2017

_____
Frank Thon, 03-A-6611
Plaintiff

Dated: Albany, New York
September 1, 2017

_____
Justin W. Gray, Esq.
Maynard, O'Connor Law Firm - Albany Office
Attorney for Plaintiff
6 Tower Place
Albany, NY 12203
Bar Roll No.: 4151148
Telephone: 518-465-3553
Fax: 518-465-5845
Email: gray@maynardoconnorlaw.com

Dated: Albany, New York
September 1, 2017

> ERIC T. SCHNEIDERMAN
> Attorney General of the State of New York
> Attorney for Defendants
> Albany, New York 12224-0341
>
> By: _____
> Melissa Latino
> Assistant Attorney General, of Counsel
> Bar Roll No. 511162
> Telephone: (518) 776-2593
> Email: Melissa.Latino@ag.ny.gov

Dated: Albany, New York
September 1, 2017

SO ORDERED:

_____
HON. MAE A. D'AGOSTINO
UNITED STATES DISTRICT COURT JUDGE